UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:                                    CHAPTER 13
                                                     CASE NO 13-52734 WSD
DEBORAH ROMAN, Debtor(s).                            JUDGE WALTER SHAPERO
_____/

## TRUSTEE'S OBJECTION TO DEBTOR'S ATTORNEY FEE APPLICATION FOR SERVICES RENDERED

**NOW COMES** the Chapter 13 Trustee, Tammy L. Terry, objects to the attorney fee application in the amount of $7,230.00 filed by debtor's attorney, Linnell & Associates, P.L.C. ("Applicant"), for services performed September 26, 2013 to October 13, 2014:

1. Debtor filed for Chapter 7 relief on June 27, 2013. This case was converted to a case under Chapter 13 on December 11, 2013 and this case was confirmed on October 10, 2014.

2. Applicant has applied for pre-confirmation fees in the amount of 7,230.00 for services performed from September 26, 2013 to October 13, 2014.

3. The Trustee objects overall to the fees requested as being unreasonable, and contends the "lodestar" amount of fees should be adjusted, based on 11 U.S.C. Section 330 (a)(3) and *In re Boddy*, 950 F.2nd 334, 338 (6th Cir. 1991), by taking into account that the alleged time spent on preparing this case appears excessive and unwarranted, considering the simplistic and non complex nature of this case, pursuant to 11 U. S.C. Section 330 (a)(3)(D), which requires that the time spent be commensurate with the complexity, importance, and nature of the problem, issue or task addressed, for there appears that no complex or novel issues were involved in this case. Therefore the Trustee requests that this Court award fees in an amount which are reasonable pursuant to 11 U.S.C. Section 327 and 11 U.S.C. Section 330.

Further, counsel is required to exercise "billing judgment" to determine whether counsel should bill for time allegedly expended in light of factors such as fairness to the debtors and creditors. Bankruptcy attorneys are not entitled to compensation merely because the time recorded was actually expended. *See In re Allied Computer Repair, Inc.*, 202 B.R. 877 (Bankr. W.D. Ky. 1996). The purpose of bankruptcy is not to serve as a fund for payment of professional fees. Instead, the purpose is to maximize the estate for distribution to creditors. Every dollar spent on legal fees results in a dollar less that is available to creditors. As such, attorneys must use "billing judgment" and must make a good faith effort to eliminate unproductive time or to reduce hours on productive projects where the total amount billed would be unreasonable in relation to the economic value of the matter in question. *See In re Albritton*, Case No. 04-48020-MBM (Bankr. E.D. Mi. 2006); *In re Atwell*, 148 B.R. 483 (Bankr. W.D. Ky. 1993).

It is the Trustee's position that the majority of the fees that occurred in this case stemmed from attorney error as there were no real novel issues in this case. Prior to conversion of this case to Chapter 13 on October 1, 2013, debtor's mortgage creditor, Seterus, Inc, filed a Motion to Lift the Automatic Stay. There was no response to this motion and the automatic stay was lifted pursuant to an Order entered on October 23, 2013. However, the original plan that was filed on December 13, 2013, treated the Seterus as if the automatic stay was not lifted. As a result of lift of stay, the mortgage creditor proceeded with foreclosure of debtor's home. It appears from the Court records that these facts are what caused this case to run longer than normal as Seterus was the only objecting

creditor in this case.

There were no adversaries filed in this case. Based on the Court's record and Applicant's billing log there was no loan modification negotiated in this case.

This case has been dismissed twice. This case was first dismissed on December 27, 2013 for failure to file the Chapter 13 Statement of Current Monthly and Disposable income (Form 22C). After a hearing, this case was reinstated on January 2, 2014.

The second time this case was dismissed was on March 31, 2014 due to the debtor having a poor payment history. The first payment due date was January 10, 2014. The Trustee records show that the debtor did not submit a payment until three months later on April 7, 2014. This case was reinstated on May 15, 2014.

There were 2 First meeting of creditors. The first meeting of creditors was set for January 28, 2014. This hearing was not held because Schedules I and J that were filed in the Chapter 7 case were not amended to show that the proposed plan payment in the 1st Chapter 13 plan filed on December 12, 2013 was feasible. Specifically, the original Schedule J provided that $76.48 was available monthly to fund the plan, however the proposed plan provided that the debtor would remit plan payments in the amount of $884.55. The documents were amended and the second 341 hearing was held on February 11, 2014.

There were 5 confirmation hearings set by the Court. There have been 3 plans filed in this case. The schedules I and J have been amended twice. Schedules E and F were amended to correct attorney errors.

For these reasons the Trustee objects to Applicant's request for fees and request that fees are limited to $3000.00.

4. It should be further noted that the only 2016(b) Statement of Compensation attached to the Application is for a flat fee of $1000 as a Chapter 7 case. Applicant fails to attach the 2016 (b) statement of compensation that was filed on June 4, 2014 (PACER Docket # 74).

5. Also attached as Exhibit A to the Trustee objections is a letter sent to the Trustee by the debtor dated for November 7, 2014 for the Court's review and consideration.

**WHEREFORE,** the Chapter 13 Trustee requests that this Honorable Court deny Applicants fee application and/or limit the attorney fees to $3000.00

                      OFFICE OF THE CHAPTER 13 TRUSTEE-DETROIT
                      Tammy L. Terry, Chapter 13 Trustee

November 14, 2014

                      /s/ TAMMY L. TERRY (P-46254)
                      Chapter 13 Standing Trustee
                      /s/KIMBERLY SHORTER - SIEBERT (P-49608)
                      /s/MARILYN R. SOMERS - KANTZER (P52488)
                      Staff Attorneys
                      535 Griswold, Suite 2100
                      Detroit, MI 48226
                      (313) 967-9857
                      mieb_ecf_admin@det13.net

11-7-14

To: Ms. Tammy L. Terry
From: Deborah Marie Roman
1018 Oakmont, Temperance, MI 48182
Chapter 13, case No: 13-52734
Judge Walter Shapero

I'm writing to inform you that I am now represented by attorney Peter A. Behrmann of Phoenix Law as of 11-4-14.

I'm also writing to you regarding my former attorney Erik C. Stein. I intend to file a complaint against him with the Michigan Board, and, more importantly, to ask that the additional charges of over $7,000 be dismissed - for the following reasons:

1. What should have taken 3 months at most to file a bankruptcy has taken more than <u>18</u> months to file and be confirmed.

2. A lack of communication on Mr. Stein's part - he repeatedly failed to answer my questions and keep me informed on my case's progress.

3. I asked Mr. Stein to have the 2 car payments and student loans to be kept out of the plan - I would pay them outside the plan - but they are in the plan.

4. The mortgage company - Seterus - 'lifted' the stay because Mr. Stein failed to respond

EXHIBIT

to the company's request by the deadline. I believe Mr. Stein was NOT truthful when he told me that Seterus would not let the mortgage and arrears be put in the plan, when in fact it was his fault because he missed the deadline.

5. Mr. Stein has failed to represent me; has not been truthful with me; has not had my best interests taken care of; and has cost me much more in fees than I can afford. I had to take out more than $16,600 from my 401-K to save my home from foreclosure because he missed a deadline. Mr. Stein, in my very humble opinion, has not represented me in a competent manner that was expected of him when I retained his attorney's services.

For these reasons above, I ask, respectfully, that Mr. Stein's request for an additional $7,000 for work NOT performed in a competent manner, be denied.

Sincerely,

Deborah M. Roman

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**  CHAPTER 13
                       CASE NO. 13-52734-WSD
Deborah M Roman, Debtor(s).  JUDGE WALTER SHAPERO
_____/

## CERTIFICATE OF MAILING

I hereby certify that on November 14, 2014 a copy of **TRUSTEE'S OBJECTIONS TO DEBTOR'S ATTORNEY FEE APPLICATION FOR SERVICES RENDERED** was electronically filed with the Clerk of the Court, served via Electronic Court Filing and/or a copy of same was deposited in the U.S. Mail to debtor's(s)' attorney (if any) or the debtor(s), if unrepresented, at the address as it appears below.

/s/ Patrice N. Watson
For the Office of the Chapter 13 Trustee-Detroit
535 Griswold, Suite 2100
Detroit, MI 48226
(313) 967-9857
mieb_ecfadmin@det13.net

Deborah M Roman
1018 Oakmont Dr.
Temperance  MI  481820000

Phoenix Law
37699 Six Mile
Livonia  MI  481520000